UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PATARA MARLOW, )
)
    Plaintiff, )
) No. 3:08-CV-249
) (VARLAN/GUYTON)
V. )
)
AMERICA'S COLLECTIBLES NETWORK, )
INC., d/b/a JEWELRY TELEVISION, ET AL. )
)
    Defendants. )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 35] referring Plaintiff's Motion to Amend Court's Scheduling Order to Extend Time for Completion of Discovery [Doc. 33], to this Court for disposition. The Defendants filed their Opposition to Motion to Amend Scheduling Order to Extend Time for Completion of Discovery [Doc. 34] on June 24, 2010. Accordingly, the Court finds that this issue is now ripe for adjudication.

**I.    BACKGROUND**

This case was filed on June 26, 2008, and pursuant to the Scheduling Order [Doc. 14] entered December 29, 2009, the case is set for trial on August 16, 2010. The Scheduling Order also set the discovery cut-off in this matter of May 17, 2010.

On February 24, 2010, the Defendants moved to dismiss this case based upon the Plaintiff's failure to participate in discovery. The Defendants later withdrew the portion of the motion requesting dispositive relief and, instead, requested that the Court compel the Plaintiff to comply with her discovery obligations. The Court granted this request on May 18, 2010, and noted its

"concern that this case is not being prosecuted with the timeliness and attention required in this Court." [Doc. 27 at 2]. The Court ordered that the Plaintiff make her initial disclosures and complete any and all outstanding discovery on or before May 28, 2010. [Doc. 27 ay 2]. The Court also warned, "failure to comply with this Order may be treated as contempt of court, and may result in further just orders designating facts as established, precluding admission of evidence, striking pleadings, dismissing this action, or invoking any of the other remedies afforded under Rule 37(b) of the Federal Rules of Civil Procedure." [Doc. 27 at 2-3].

The Plaintiff failed to make her disclosures or complete her discovery before May 28, 2010, and the Defendants filed a Motion to Dismiss [Doc. 29] on June 2, 2010. The Plaintiff has blamed computer issues for her failure to comply with the Court's order. [Doc. 30]. In addition to the recent Motion to Dismiss, the Defendants filed a Motion for Summary Judgment [Doc. 18], which remains outstanding.

## II. APPLICABLE LAW

Rule 16 of the Federal Rules of Civil Procedure directs that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In addition, motions to extend the time for completing any act, should be filed before the deadline for completing the act expires, and as Rule 6 of the Federal Rules of Civil Procedure directs the Court should extend the time for a "motion made after the time [for filing] has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

The determination of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship, 507 U.S. 380, 395 (1993). The United States Supreme Court has set out five factors for courts are to balance when determining the existence of excusable neglect: (1) the danger of

prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. Nafziger v. McDermott Int'l, 467 F.3d 514, 522 (6th Cir. 2006) (citing Pioneer, 507 U.S. at 395).

Initially, the Court finds that the Plaintiff's motion does not mention or in any way address the fact that it was filed over a month after the expiration of the discovery cut-off in this case. The Plaintiff has not identified any of the Pioneer factors that weigh in favor of finding excusable neglect under Rule 6 and in favor of treating this motion as timely filed. Moreover, the Court finds that the general pattern of conduct in this case thus far does not support finding excusable neglect for filing this motion out of time.

All of this notwithstanding and assuming the Court were to find excusable neglect, the Court finds that the Plaintiff has not demonstrated good cause for modifying the Scheduling Order in this matter, as required by Rule 16. The Plaintiff has made only general statements that more time is needed for discovery, but the Plaintiff has not pointed to specific witnesses, reports, or exhibits, that could not have been timely discovered. Nor has the Plaintiff addressed the role her own lack of participation in discovery played in delaying or stifling discovery in this matter. Though the Plaintiff states that an extension would not affect the trial date in this matter, the Court finds that an extension of the period for discovery is almost certain to delay the trial of this matter, which is currently six weeks away. Finally, there are two pending dispositive motions that are ripe for adjudication in this case, and the Court finds that to reopen discovery, prior to the disposition of these motions, has the potential to unnecessarily waste the parties' and the Court's resources.

## III.   CONCLUSION

In sum and based upon the foregoing, the Court finds that, even assuming excusable neglect for filing her motion out of time, the Plaintiff has not demonstrated good cause for extending the deadlines set in the Court's Scheduling Order.  Therefore, the Court finds that the Motion to Amend **[Doc. 33]** is not well-taken, and it is **DENIED**.

   **IT IS SO ORDERED.**

                              ENTER:

                                 s/ H. Bruce Guyton   
                              United States Magistrate Judge