UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PATARA MARLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-249 |
| | ) | (VARLAN/GUYTON) |
| AMERICA'S COLLECTIBLES NETWORK, INC., | ) | |
| d/b/a JEWELRY TELEVISION, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on the Objections of the Plaintiff, Patara Marlow to Magistrate Judge's Memorandum and Order of May 18, 2010 [Doc. 30], in which plaintiff objects to the Memorandum and Order (the "M&O") [Doc. 27] issued by U.S. Magistrate Judge H. Bruce Guyton on May 18, 2010. Defendants America's Collectibles Network, Inc., Multimedia Commerce Group, Inc., and MCG Merger Sub, Inc. have responded in opposition to plaintiff's objections [Doc. 32].

**I.    Relevant Background**

Plaintiff filed the complaint initiating this case on July 26, 2008 [Doc. 1]. The Court entered a scheduling order on December 29, 2009, setting the trial date for August 16, 2010 [Doc. 14]. Pursuant to the parties' joint Rule 26(f) report [Doc. 15], filed on January 28, 2010, initial disclosures were due on February 5, 2010. On February 18, 2010, counsel for defendants sent counsel for plaintiff a letter reminding him of the initial disclosure

deadline. No initial disclosures were filed by plaintiff. On February 24, 2010, defendants filed a motion to dismiss or for appropriate sanctions for plaintiff's failure to submit initial disclosures [Doc. 16].

On April 27, 2010, the Court referred the February 24th motion to dismiss or for sanctions to Magistrate Judge Guyton [Doc. 23]. The magistrate judge set a hearing on the motion for May 17, 2010 at 1:30 P.M., a time that was represented to the Court as being agreeable to both parties [Doc. 32-1]. Notice of this hearing was sent on May 5, 2010. On May 13, 2010, defendants filed a supplemental memorandum [Doc. 25] asserting that plaintiff made her initial disclosures on March 9, 2010 but that these disclosures were inadequate. Following the referral of the February 24th motion to dismiss or for sanctions, counsel for plaintiff advised counsel for defendants that the March 9th disclosures would be supplemented by May 10, 2010 [Doc. 27, p. 2].

On May 17, 2010, the hearing was held at the scheduled time. Mr. Martin Bailey, attorney for defendants, was present at the hearing. Mr. Joseph Hoover, attorney for plaintiff, was not. As of the date of the hearing, plaintiff had not yet supplemented the March 9th disclosures and had not responded to the February 24th motion to dismiss or for sanctions. *See* Fed. R. Civ. P. 6(d), 5(b)(2)(E); E.D. TN. LR 7.1(a), 7.2. At the hearing, defendants made an oral motion to convert the February 24th motion to dismiss or for sanctions [Doc. 16] into a motion to compel. Judge Guyton granted the oral motion.

In considering the motion to compel [Doc. 16], Magistrate Judge Guyton reviewed plaintiff's initial disclosures and found them defective because the disclosures:

> [F]ail to state certain addresses, fail to state the expected testimony of persons listed, provide no documents, do not instruct where pertinent documents may be found, and contain an inaccurate computation of damages.

[Doc. 27, p. 2]. Judge Guyton then granted defendants' motion to compel to the extent that the magistrate judge ordered plaintiff to make initial disclosures and complete any and all overdue discovery allegations on or before May 28, 2010 [*Id.*]. The magistrate judge also found that "[t]he failure of Plaintiff's counsel to appear at the hearing scheduled in this matter only reinforces the Court's concern that this case is not being prosecuted with the timeliness and attention required in this Court." [*Id.*]. Judge Guyton then held that if plaintiff failed to comply with the M&O, defendants would have leave to file a motion to dismiss or for other sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure [*Id.*].

On June 2, 2010, pursuant to the M&O and Rules 37(c) and 41(b) of the Federal Rules of Civil Procedure, defendants filed another motion to dismiss [Doc. 29]. In the June 2d motion to dismiss, defendants certify to the Court that, as of June 2, 2010, defendants had received no further disclosures or communications from plaintiff. Defendants then request that the Court dismiss this case with prejudice and other such sanctions because plaintiff failed to timely serve her initial disclosures and failed to comply with the M&O entered by the magistrate judge. On July 9, 2010, plaintiff filed objections to the M&O [Doc. 30]. Defendants filed a response in opposition [Doc. 32] to plaintiff's objections. Plaintiff has not filed a reply to the June 2nd motion to dismiss.

**II.     Analysis**

After a thorough review of plaintiff's objections and the M&O entered by Judge Guyton, the Court finds that plaintiff's objections misinterpret the M&O. In her objections, plaintiff treats the M&O as a report and recommendation on which this Court must conduct a *de novo* review and states, erroneously, that the M&O dismissed portions of plaintiff's complaint and granted defendants' motion to dismiss.[1] Such are not proper interpretations of what is contained in the M&O. However, in light of plaintiff's clear intent to object to the substance of the M&O, the Court will treat plaintiff's objections as objections pursuant to 28 U.S.C. § 636(b)(1)(A).

Under § 636(b)(1)(A), a district court may modify or set aside a magistrate judge's order on a non-dispositive matter if a party objects and the district court finds that the order is contrary to law or clearly erroneous. *See* 28 U.S.C. § 636(b)(1)(A).

In her objections, plaintiff asserts that she did not receive notice of the May 17, 2010 hearing before Judge Guyton because on or about May 3, 2010, and through on or about June

---

[1] Even if the Court were to treat the M&O as a report and recommendation under 28 U.S.C. § 636(b)(1)(B), the Court's consideration and analysis of plaintiff's objections would not change. When a party specifically objects to portions of a magistrate judge's report and recommendation, the district judge must conduct a *de novo* review of the objected to portions unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). In this case, plaintiff has misstated and misinterpreted the M&O and has not specifically objected to any relevant portion. Further, to the extent plaintiff's objections may be considered objections to a report and recommendation, such objections must be served and filed within fourteen days of the entry of the M&O. 28 U.S.C. § 636(b)(1). The M&O was entered on May 18, 2010 and plaintiff filed her objections on June 9, 2010. Thus, plaintiff's objections are untimely.

4, 2010, plaintiff's counsel was experiencing computer problems [Doc. 30, ¶ 3]. In response, defendants assert that plaintiff's claim of computer problems is unsupported by any affidavit or other proof from plaintiff's counsel and there is no explanation for why plaintiff's counsel did not receive notice of the hearing or why plaintiff's counsel was not present at the hearing [Doc. 32, ¶ 1]. Defendants have also attached a copy of an email from the Court's Ms. Leah Walker in which Ms. Walker responds to a May 5, 2010 email from plaintiff's counsel [Doc. 32-1]. This email indicates that the May 17, 2010 hearing before Judge Guyton was scheduled with the express agreement of counsel for both parties [*see id.*]. Defendants also point to a docket entry on the Court's CM/ECF system which indicates that notice was given of the May 17, 2010 hearing on May 5, 2010.

Plaintiff also objects to the M&O because she argues that it dismissed portions of the complaint and granted defendants' February 24th motion to dismiss or for sanctions. However, this is a clear misinterpretation of the express terms of the M&O which in no way dismissed any portion of plaintiff's complaint and did not grant defendants' February 24th motion to dismiss or for sanctions.[2] Rather, the M&O only directed plaintiff to make initial disclosures and complete overdue discovery allegations on or before May 28, 2010 [Doc. 27].

The Court also notes, as indicated by defendants [*see* Docs. 29, 32], that plaintiff has not complied with Judge Guyton's order regarding initial disclosures. In defendants'

---

[2] At the May 17th hearing, the February 24th motion to dismiss or for sanctions was converted, upon oral motion by defendants, into a motion to compel [*see* Doc. 27].

response to plaintiff's objections, defendants state that on June 9, 2010, plaintiff supplemented her initial disclosures (which Judge Guyton had found to be defective) with disclosures that, according to defendants:

> [P]rovide[] no addresses, identif[y] no expected testimony of anyone, provide[] no documents, [do] not instruct where any pertinent documents may be found, and contain[] a wholly unsubstantiated assertion that [plaintiff's] damages are $170,000 with no computation whatsoever.

[Doc. 32, ¶ 2]. In addition, plaintiff has not responded to the June 2nd motion to dismiss nor provided the Court with any good cause as to why plaintiff failed to comply with Judge Guyton's order that plaintiff's initial disclosures were due no later than May 28, 2010.

In light of all of the above, and finding the M&O not contrary to law or clearly erroneous, the Court hereby overrules plaintiff's objections to the M&O.

### III. Conclusion

For the reasons stated herein, the Court hereby **OVERRULES** plaintiff's objections [Doc. 30] and **AFFIRMS in whole** the memorandum and order [Doc. 27] issued by Judge Guyton in which Judge Guyton ordered plaintiff to make any initial disclosures and complete all overdue discovery allegations on or before May 28, 2010, and gave defendants leave to file a motion to dismiss or for other sanctions if plaintiff failed to comply.

IT IS SO ORDERED.

    s/ Thomas A. Varlan  
    UNITED STATES DISTRICT JUDGE